UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEMURI KUPRASHVILI,

                                    Petitioner,            25 Civ. 5268 (PAE)

                      -v-                                        ORDER

BRYAN FLANAGAN *et al.*,

                                    Respondents.

PAUL A. ENGELMAYER, District Judge:

The Court, having examined the petition in this action, which petitioner filed pursuant to

28 U.S.C. § 2241, hereby ORDERS that:

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's

Office for the Southern District of New York that this Order has been issued.

On July 7, 2025, the U.S. Attorney's Office shall file a letter to the Court that details the

date and time petitioner was taken into custody by the United States Government and petitioner's

exact whereabouts, including any transport of petitioner, from the date of taking him into custody

through the date of the respondents' letter.  As of June 7, 2025, petitioner remained in the

Immigration and Customs Enforcement district office located at 26 Federal Plaza, New York,

New York, 10278.  Dkt. 1.  On June 23, 2025, he filed the operative petition challenging his

detention, which includes an attorney's signature dated June 8, 2025.  *Id.*

Petitioner may file a letter-response within 21 days from the date petitioner is served with

respondents' answer.

To preserve the Court's jurisdiction pending a ruling on the petition, petitioner shall not

be removed from the United States unless and until the Court orders otherwise.  *See, e.g., Du v.*

1

*United States Dep't of Homeland Sec.*, No. 25 Civ. 644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) (enjoining defendants from "removing any Plaintiffs or putative class members from the District of Connecticut, and from deporting them from the United States" because "a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases"); *Ozturk v. Hyde*, No. 25 Civ. 10695 (DJC), 2025 WL 1009445, at *11 (D. Mass. Apr. 4, 2025) ("To allow the Court's resolution of its jurisdiction to decide the Petition, Ozturk shall not be removed from the United States until further Order of this Court." (citation omitted)); *Leuthavone v. Salisbury*, No. 97 Civ. 556 (JJM), 2025 WL 1135588, at *2 (D.R.I. Apr. 17, 2025) (granting a stay of removal "to maintain the status quo and preserve the Court's ability to adjudicate the habeas petition"); *Mahmoud Khalil v. Joyce*, No. 25 Civ. 1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) ("To preserve the Court's jurisdiction pending a ruling on the petition, Petitioner shall not be removed from the United States unless and until the Court orders otherwise."); *see also Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act, 28 U.S.C. § 1651, authorizes a federal court to protect that jurisdiction." (cleaned up)); *Garcia-Izquierdo v. Gartner*, No. 4 Civ. 7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995) (the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: June 30, 2025
      New York, New York